| | |
|---|---|
| 1 | Jonathan B. Cole (SBN 70460) |
| | D. Wayne Jeffries (SBN 57402) |
| 2 | **NEMECEK & COLE** |
| | A Professional Corporation |
| 3 | 15260 Ventura Boulevard, Suite 920 |
| | Sherman Oaks, California 91403-5399 |
| 4 | Tel: (818)788-9500 / Fax: (818) 501-0328 |
| | wjeffries@nemecek-cole.com |
| 5 | |
| 6 | Attorneys for Defendants MICHELMAN & ROBINSON, LLP and ERIC RANS |
| 7 | |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | | |
|---|---|---|
| 11 | CHARLY J. NETEL, on behalf of the Administrative Committee of the CHARLY J. NETEL CPA PROFIT SHARING PLAN; and CHARLY J. NETEL CPA, AN ACCOUNTANCY CORPORATION, | Case No. 8:11-cv-01935-FMO (RNBx) |
| 12 | | |
| 13 | | [*Assigned for All Purposes to the Hon. Fernando M. Olguin, Courtroom 22, 5th Floor*] |
| 14 | | |
| 15 | Plaintiffs, | **MICHELMAN DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE TESTIMONY OF BRAD KAPLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. WAYNE JEFFRIES IN SUPPORT THEREOF** |
| 16 | vs. | |
| 17 | LISA NETEL, CO-TRUSTEE OF THE CHARLEY J. NETEL, CPA PROFIT SHARING PLAN AND TRUST; ERIC RANS, as an individual; MICHELMAN & ROBINSON, LLP, a partnership; DARREN T. BARKER, as an individual; RONALD R. CAMHI, as an individual; STEVEN CASSELBERRY, as an individual; JEFFREY D. FARROW, as an individual; JON S. GRIZEL, as an individual; DAVID F. HAUGE, as an individual; MONA Z. HANNA, as an individual; MARC R. JACOBS, as an individual; ANDREW F. KIM, as an individual; WARREN A. KOSHOFER, as an individual; DANA A. KRAVETZ, as an individual; SANFORD L. MICHELMAN, as an individual; MARK B. ROBINSON, as an individual; DAVID M. SAMUELS, as an individual; ANDREW H. SELESNICK, as an individual; MARK R. STAPKE, as an individual; TODD H. STITT, as an individual; MORGAN | |
| 18 | | |
| 19 | | |
| 20 | | Complaint filed: Dec. 15, 2011 |
| 21 | | Final Pre-Trial Conference: May 31, 2013 |
| 22 | | Trial Date: June 17, 2013 |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

-2-

| | |
|---|---|
| 1 | STANLEY SMITH BARNEY, a Delaware corporation; and DOES 1 through 10, |
| 2 | |
| 3 | Defendants. |
| 4 | ———————————————— |
| 5 | ERIC RANS; MICHELMAN AND ROBINSON, LLP; DARREN T. BARKER; RONALD R. CAMHI; STEVEN CASSELBERRY; JEFFREY D. FARROW; JON S. GRIZEL; DAVID F. HAUGE; MONA Z. HANNA; MARC R. JACOBS; ANDREW F. KIM; WARREN A. KOSHOFER; DANA A. KRAVETZ; SANFORD L. MICHELMAN; MARK B. ROBINSON; DAVID M. SAMUELS; ANDREW H. SELESNICK; MARK R. STAPKE; TODD H. STITT, |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | Cross-Claimants, |
| 13 | vs. |
| 14 | LISA NETEL, |
| 15 | Cross-Defendants. |
| 16 | ———————————————— |
| 17 | ERIC RANS; MICHELMAN AND ROBINSON, LLP; DARREN T. BARKER; RONALD R. CAMHI; STEVEN CASSELBERRY; JEFFREY D. FARROW; JON S. GRIZEL; DAVID F. HAUGE; MONA Z. HANNA; MARC R. JACOBS; ANDREW F. KIM; WARREN A. KOSHOFER; DANA A. KRAVETZ; SANFORD L. MICHELMAN; MARK B. ROBINSON; DAVID M. SAMUELS; ANDREW H. SELESNICK; MARK R. STAPKE; TODD H. STITT, |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | Third Party Plaintiffs, |
| 25 | vs. |
| 26 | MORGAN STANLEY SMITH BARNEY, and ROES 1 - 10, inclusive, |
| 27 | Third Party Defendants. |
| 28 | ———————————————— |

2010019P.50 MIL#3 Kaplan.wpd            **MICHELMAN DEFENDANTS MOTION IN LIMINE NO. 3**

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that Defendants Michelman & Robinson, LLC and Eric Rans (collectively, the "M&R Defendants"), before trial and selection of a jury, hereby move this Court *in limine* for an order excluding all testimony of, and references to, third-party Brad Kaplan.

This motion *in limine* is made on the grounds that the testimony of, and references to, Mr. Kaplan and his alleged "role" in the underlying matter are irrelevant to this action and would be prejudicial to the M&R Defendants.

Despite the M&R Defendants' meet and confer efforts pursuant to Local Rule 7-3, the issues pertaining to the instant motion could not be resolved, thereby necessitating its filing. (Declaration of D. Wayne Jeffries, ¶ 2.)

This motion is made and based upon this Notice, the attached Memorandum of Points and Authorities, Declaration of D. Wayne Jeffries, the pleadings, records and files in this action, and on such further oral or documentary evidence as may be presented to this Court before or at the hearing on this motion.

NEMECEK & COLE

Dated: May 3, 2013        By:        / s /
                                 JONATHAN B. COLE
                                 D. WAYNE JEFFRIES
                                 Attorneys for Defendants MICHELMAN &
                                 ROBINSON, LLP and ERIC RANS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF RELEVANT FACTS

### A. Factual Background to Instant Action

This lawsuit arises out of the unfortunate continuing saga of the dissolution proceedings between Charly Netel ("Charly") and his ex wife, Lisa Netel ("Lisa"). On April 27, 2010 a judgment was entered against Charly in the dissolution action. Thereafter, in November 2010, Lisa's counsel, Joel Seidel, obtained a writ of execution in order to execute on the assets of Charly as the judgment debtor. Eric Rans ("Rans") of Michelman & Robinson LLP undertook to levy the writ on Charly's assets.

Rans caused an investigation to take place to locate any of Charly's assets. Bank accounts were located at Morgan Stanley Smith Barney, one of which had approximately $165,444 in it, and a second one which contained approximately $6,600. The second account is not a subject of this proceeding. Rans caused the writ and instructions for levy to be delivered to the Sheriff. Shortly thereafter, he received a Garnishee Memorandum from the Sheriff and from Morgan Stanley Smith Barney which stated that there was a "trust account" with approximately $165,444 in it. The levy proceeded and the sheriff delivered two checks to the M&R Defendants which they deposited into the firm's client trust account. On July 28, 2011, the M&R Defendants transmitted all of the funds received, approximately $172,000 to Lisa. The check made out to Lisa in the amount of $172,244.00 represented money that Mr. Rans believed was Lisa's and was paid to her out of the (M&R) client trust account. (UMF No. 34.) Thus, M&R received none of the money in the checks for itself.

At no time did the M&R Defendants receive any information that the "trust account" at Morgan Stanley Smith Barney was a bank account for the Charly J Netel CPA Profit Sharing Plan (the "Plan"), or that the Plan was an Employee Retirement Income Security Act ("ERISA") Plan, protected by ERISA 29 U.S.C. §1001, *et seq*. Charly received notice that the writ had been executed on the Pension plan account

shortly after the writ was executed on Morgan Stanley Smith Barney. A Mr. Cary Kievman and his superior at Morgan Stanley spoke with Charly about the writ. Charly says that there were had two telephone conversations and Charly told Mr. Kievman and his superior that the writ was illegal; that no funds should be turned over. Despite Charly's claim that the execution of the writ was illegal, he did nothing more to stop the funds from being turned over to the Sheriff pursuant to the writ notwithstanding the existence of California statutory scheme which, if implemented by Charly, could have immediately stopped the turnover of the funds. Neither Morgan Stanley Smith Barney nor Charly contacted the M&R Defendants and advised that the "trust account" was an ERISA protected plan. Neither Charly nor his counsel, Ms. Armenta, contacted the M&R Defendants to object to the writ or to advise of exemptions of the "trust account" from the writ of execution, pursuant to California Code of Civil Procedure §§ 704.115, 720.110, *et seq*.

The first time that the M&R Defendants learned that the "trust account" was purportedly an ERISA protected account of a profit sharing plan, was when the Complaint in this action was served on them in December 2011. There is a difference between a trust account and an ERISA-protected trust account. Also, a trustee of a trust does not have the same obligations/protections as does the trustee of an ERISA plan.

Neither Mr. Rans nor M&R had any knowledge or notice that Lisa was a trustee or fiduciary of the Charly J Netel CPA Profit Sharing Plan. The M&R Defendants had no intent to aid and assist Lisa in the breach of any fiduciary duty she purportedly has/had to the Plan. The M&R Defendants had no intent to aid and assist Lisa in any wrongdoing whatsoever. Had the M&R Defendants had any knowledge that the Plan and the "trust account" were protected by ERISA, they would not have executed the writ. Had they learned that the "trust account" was an ERISA protected plan after the writ was executed, the M&R Defendants would have taken steps to have the funds deposited in a protected, frozen account until the matter was resolved.

The Complaint in this action alleges breaches of fiduciary duties by Lisa as a co-trustee of an ERISA plan. The M&R Defendants have been sued in this action for aiding and abetting the breach of fiduciary duty to a purported ERISA retirement plan by Lisa.

### B. Evidence Sought to Be Excluded

The M&R Defendants anticipate that Plaintiffs will attempt to refer to, and may attempt to introduce the testimony of, third-party witness, Brad Kaplan ("Mr. Kaplan") at trial. Mr. Kaplan is a member of Lorenzo Decansanzo LLC ("Decansanzo"), the entity which owns Lisa Netel's home, and as has been alternatively referred to as Lisa Netel's boyfriend, former boyfriend, cousin, convicted felon, etc. Plaintiff has taken the position in this litigation that Mrs. Netel paid some portion of the monies she received through execution on her valid support judgment to Decansanzo.

Mr. Kaplan is also a corporate contact for Trojan Portables, Inc. (although there is no evidence of any ownership interest), which paid $2,364 in attorney's fees to the M&R Defendants for the execution proceedings.

## II. MR. KAPLAN'S TESTIMONY SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT AND PREJUDICIAL

Federal Rule of Evidence, rule 402 states that all "[i]rrelevant evidence is inadmissible." Evidence is deemed relevant if, "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." (FRE 403.) Moreover, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion or the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (FRE 403.) "The critical question in Rule 403 balancing is `whether the probative value of relevant evidence was `substantially outweighed by the danger of unfair prejudice' or was 'needless presentation of cumulative evidence.' [Citation] 'Unfair prejudice' occurs when the evidence has an 'undue tendency to suggest

1. decision on an improper basis, commonly, through not necessarily, an emotional one.'" (*United States v. McInnis*, 976 F.2d 1226, 1231 (9th Cir. 1992).)

There is nothing in the record other than argument that Kaplan is a convicted felon and that a restraining order was issued against him to stay away from Charly Netel (who apparently blames Kaplan for the break-up of his marriage).

However, there is no evidence that Mr. Kaplan played any material part in the execution proceedings or that his conduct, whatever it may be, has any relevance to the sole issue before this Court on trial, *to wit*, whether the M&R Defendants aided and abetted Lisa Netel in her purported breach of fiduciary duty. Any testimony by Charly, argument by the attorney or testimony about Brad Kaplan being a former boyfriend, convicted felon, etc. is irrelevant and prejudicial to M&R and Rans.

## III. CONCLUSION

For the foregoing reasons, the M&R Defendants respectfully request an Order excluding all testimony and opinions provided by Plaintiffs' witness, Brad Kaplan, on the grounds that the testimony is not relevant to the instant action, would not assist the trier of fact, and are based on pure speculation and conjecture.

NEMECEK & COLE

Dated: May 3, 2013   By:   / s /
JONATHAN B. COLE
D. WAYNE JEFFRIES
Attorneys for Defendants MICHELMAN &
ROBINSON, LLP and ERIC RANS

# DECLARATION OF D. WAYNE JEFFRIES

I, D. Wayne Jeffries, declare as follows:

1.   I am an attorney licensed by California to practice law in California courts, and have been admitted to the United States District Court for the Central District of California. I am an attorney with Nemecek & Cole, and I am an attorney of record for Defendants Michelman & Robinson, LLP and Eric Rans (collectively, the "M&R Defendants." I make this declaration in support of the M&R Defendants' motion *in limine* to exclude the testimony of, or reference to, third-party Brad Kaplan.

2.   I met and conferred with M. Cris Armenta (counsel for Plaintiffs Charly J. Netel, on behalf of the Administrative Committee of the Charly J. Netel CPA Profit Sharing Plan; and Charly J. Netel CPA, an Accountancy Corporation ("Plaintiffs")), and Joel Seidel (counsel for Defendant Lisa Netel) in order to discuss the scope and nature of the instant motion *in limine*. At that time, Ms. Armenta indicated that Plaintiffs would likely oppose the instant motion and would not agree to stipulate to exclude all evidence or mention of Mr. Kaplan.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Sherman Oaks, California on May 3, 2013.

/s/
D. Wayne Jeffries

2010019P.50 MIL#3 Kaplan.wpd         **MICHELMAN DEFENDANTS MOTION IN LIMINE NO. 3**